RECEIVED
MAR 25 2024
BY MAIL

STATE OF MISSOURI )
) ss. Decleration
COUNTY OF COLE ) Notice of Removal 28 U.S.C.S. §1455

IN THE UNITED STATES DISTRICT COURT, EASTERN DISTRICT, MISSOURI

STATE OF MISSOURI,
    Plaintiff,

v.

Jermaine C. Pate,
    Defendant.

Cause number: 13SL-CR01396-01

## Defendant's Verified Petition Of Notice Of Removal
## 28 U.S.C.S. §1455

COMES NOW Defendant, Jermaine C. Pate, pro se litigant in my Individual Capacity, sui juris in propria persona, and pursuant to 28 U.S.C.S. §1455, I hereby move this court to exercise its discretion and hold a preliminary (evidentiary) hearing on the defense that the circuit court of St. Louis County lacks subject matter jurisdiction and personal jurisdiction over Jermaine C. Pate.

### Post-Trial Grounds For Relief
Good Cause pursuant to 28 U.S.C.S. §1455(b)(1);
Final Judgment Rule/Doctrine Violation: On May 12, 2014 Defendant filed a pro se motion to dismiss for conflict of interest. On July 2, 2014 the trial court entered a premature Judgment of conviction while the motion was pending.

1

On February 2nd of 2016, P.C.R. Counsel sent petitioner a legal correspondence which consisted of her plainly committing an "overt" action by deciding not to adhere to the "rule of law" when she declined to pursue relief under Jendro v. State, 453 S.W.3d 333 (Mo. App. Ct. 2014); see also, Beuttenmuller v. Vess Bottling Co., 395 S.W.2d 204 (Mo. 1965).

Thus, no final Judgment was rendered requiring removal to vacate, set aside or modify Judgment of conviction. Petitioner asserts that the direct appeal of the conviction as well as post-conviction relief motion were both filed prematurely and the circuit has not exhausted its "assumed" Jurisdiction. Because there is not a final Judgment rendered this court has Jurisdictional competence for removal.

This motion is based on the pleadings and papers on file in this action. Petitioner relies upon the docket entries as well as trial transcript filed in this cause.

Where an inferior court is guilty of proceeding in the absence, excess, or usurpation of Jurisdiction, certiorari may be resorted to for the purpose of keeping that court within its proper bounds. State ex rel. Barlow v. Holtcamp, 322 Mo. 258, 271 (Mo. Sup. Ct. 1929).

Here, Petitioner request appropriate relief from this court following its preliminary or summary Judicial review for removal of proceedings.

2

Cause of action upon which relief may be granted:

Pursuant to R.S.Mo. §532.380 Petitioner request discharge as well as an examination of commitment hearing under R.S.Mo. §532.260 without delay under R.S.Mo. §532.060 as the statutory warrant which issued resulted in cause of action for malicious prosecution (improper means of securing warrant), as well as the magistrate wholly abandoned his judicial role. Exception which may apply when the magistrate judge serves merely as a rubber stamp for the police, or alternatively Petitioner asserts that the arrest warrant was procured through intrinsic fraud as the unauthorized signature violated R.S.Mo. §§ 544.020; 544.030.

Law of the Case Doctrine: Petitioner hereby incorporates by reference this Court's prior decision in State v. Fleming, 227 S.W.2d 106 (Mo. App. Ct. 1950).

Judicial Question: The question of unlawful restraint of the liberty of a citizen is, and must be as long as our present constitution endures, a judicial question to be determined by the courts.

In the instant case, Petitioner asks if it is permissible by law for a magistrate to issue an arrest warrant by a circuit judge not designated or assigned to make a determination of probable cause?

3

Carol - Supp
call
- from Bowe's
- people in their house
- 4' 8" / 1" w
- 18 w/ gun
- 18 w/ gun w/ weapons
- no threats
- no robbery
- no crime
- dress of men
- 4' 8" 1" w
- height
- skin tone
- hair
- eyes
- weight - age - races
- hats
- shirts
- pants
- shoes
- dq
- color, type, complements, size
- 4' 8" 1" w
- arrived at 0231 - 1 m̄n after call
- Tyler ☒ + Bowe
- tried them @ bro

Matt + spora
need warrant
accurate
anything to change
add
everything up to reports
made at time of crime?

Claim For Relief: (Unauthorized Issuance & Invalid Legal Process:)

1. Improper means of securing arrest warrant;

2. The magistrate erred in transferring case to grand jury without a probable cause finding;

3. The magistrate erred in binding case to circuit court for want of probable cause to prosecute and for want of jurisdiction;

4. Improper means of securing committal (warrant of commitment).

   The criminal conviction which culminated in 2014 is the result of a substantive due process violation because there was not a judicial determination of probable cause as required by law.
   The constitutional defect in the institution of the prosecution where the issuing magistrate wholly abandoned his judicial role resulted also in a jurisdictional defect, and it follows that the judgment and sentence is void.
   The Warrant Clause of the Fourth Amendment and the Due Process Clause of the Fourteenth Amendment both to the United States Constitution as well as the Due Process Clause of Mo. Const. art. I, §10 was violated as fully set forth below:

4

## Corbett

- Carnal's report
  - reviewed anything?
  - no report of his own

### Depo

- 4 or 5
- couple white, couple black
- one guy, all I remember
- mentioned US
  - City + local
- don't remember if anyone else there
- looked all over town
- 30 minutes
- 10 min in Casey's
- Q. Corbett 1st, then Carnal
- 1 BM, 1 WF
- Carnal talking
- Carnal asked to look inside bp — 16-7
- took JP into custody that night    23:5
- Carnal seized bp — with all items   24:12
  in vehicle

Statement of Claim (Certificate of probable cause)

Improper means implemented for issuance of legal process [Doc. I.D. #13-SLARW-633] in cause number 13SL-CR01396 as the signature thereto was not authorized by law (Section 544.030). The invalid arrest warrant which issued on February 14, 2013, was to be endorsed by the assigned associate court judge (Honorable Dennis N. Smith, formerly presiding over division 40W in the 21st Judicial Branch) but was instead signed by a circuit court judge which was not designated nor assigned as a "Special Judge" (Honorable Steven H. Goldman, formerly presiding over division 12 in the 21st Judicial Branch) to determine probable cause to issue the statutory warrant.

Discharge is warranted where lack of an implicit finding of probable cause resulted in substantial prejudice to Petitioner as the lower tribunal failed to acquire jurisdiction pursuant to Section 544 et seq., and the fraud going to the merits of the action (intrinsic fraud) would vitiate a final judgment;

Because a judge's issuance of a warrant qualifies as a prior judicial proceeding, an unlawful arrest warrant with an arrest made in pursuance thereof sounds not in false arrest but in malicious prosecution caused by improper means of securing legal process. Habeas relief is available pursuant to R.S.Mo. § 532.430 et seq. for a violation of R.S.Mo. § 544.030. See In re Harris, 593 S.W.2d 517 (Mo. banc 1979), In re Green, 593 S.W.2d 518 (Mo. banc 1979).

5

Knew stolen
value
withhold from owner

Carnel - Trial

report -
occasion ~~to~~ speak w/ JP
~~asked to look in bp~~ at his apt complex
~~JP said ok~~ Asked if had weapons
JP said no
- offered to let you look
- you searched
- no weapons
- camera
- asked about cam
- JP said bp not his
- used it to carry his stuff
- You asked JP to call US
- complied
- when handed phone to you disconnected
- asked to try again
- he cooperated
- voicemail
- You told JP you were going to confiscate the cam
- Told him you thought they were stolen
~~- He said he'd be honest~~
- ~~he did~~ checked w/ Canon
- Nothing reported as Stolen
- said he'd be honest
- he didn't steal
- Smith + Powell car hopping
- ~~asked him later to~~ he left
- asked him (?) to hold items
- in his bp

To avoid duplicative and unending challenges to the finality of a judgment, habeas review of a challenge to the validity of a conviction requires that a petitioner show a jurisdictional defect, cause for failing to timely raise the claim of ineffective assistance or some other constitutional defect and prejudice resulting from the defect. State ex rel. Woodworth v. Denney, 396 S.W.3d 330, 337 (Mo. banc 2013).

Cause is shown to overcome the procedural default if the petitioner can demonstrate that the trial court error was not discovered in time to include it in a direct appeal or a post-conviction motion. State ex rel. Koster v. McCarver, 376 S.W.3d 46, 53 (Mo. App. Ct. 2012).

Here, the trial court created a substantial impediment to petitioner's ability to preserve error for direct appeal resulting in a manifest injustice pursuant to the "cause" and "prejudice" standard for relief.

On the day of trial petitioner filed a pro se motion captioned "Defendant's Pro Se Motion To Dismiss Or In The Alternative For A Mistrial Due To Ineffective Assistance Of Counsel," the motion contained grounds concerning counsel's failure to provide her client with all evidence in possession of the prosecution as well as counsel's failure to timely file a motion to quash arrest warrant and suppress or exclude evidence, wherein a hearing was requested and the trial court deferred a hearing to be held on the day of sentencing. No hearing was held on the day of sentencing, although petitioner referred the motion to

6

- 1/1 ✓ need to talk soon
- asked if he a could be contacted
- He said yes
- "asked it is paid."
- offered to meet w/ Sherman
- "At that time there wasn't a victim of it was yet to be determined if the jt. wert taken by Smith."
- Jafar spoke to Pam again
- Santi, Craig
- asked about VS
- ✓ VS not talking anymore
- Att ✓ Some guys reported stolen
- ✓ unsure ✓

the trial court, but no hearing or determination was entered concerning the merits of the pending motion, all of which violated Mo. Sup. Ct. Rule(s): 24.04(b)(4); 29.07(b); 29.11(c) and 74.01(b). See State v. Jackson, 836 S.W.2d 1, 6 (Mo. App. Ct. 1992); State v. McEntire, 551 S.W.3d 481, 485 (Mo. App. Ct. 2018) (citing Wood v. Georgia, 450 U.S. 261, 271 (1981)); State ex rel. Fleer v. Conley, 809 S.W.2d 405, 408 (Mo. App. Ct. 1991).

When a potential conflict of interest comes to the trial court's attention, the trial court's attention, the trial court has an affirmative duty to inquire into the conflict. Cuyler v. Sullivan, 446 U.S. 335, 346 (1980) (discussing Holloway v. Arkansas, 435 U.S. 475 (1978)): When a defendant raises a seemingly substantial complaint before trial regarding the defense attorney's conflict of interest or divided loyalty, the Supreme Court has been absolutely clear that the court must make a thorough inquiry into the factual basis for the defendant's complaint. Holloway v. Arkansas, 435 U.S. 475, 488-91 (1978). See also, State v. McEntire, at 485. That inquiry should be on the record and must be of the kind to ease the defendant's dissatisfaction, distrust, or concern. Smith v. Lockhart, 923 F.2d 1314, 1320 (8th Cir. 1991). If the trial court fails to make a sufficient inquiry, prejudice is presumed and "reversal is automatic." Holloway, 435 U.S. at 488-89.

Thus, Petitioner has overcome his procedural default pursuant to the cause and prejudice standard for relief based upon the trial court creating a substantial impediment.

7

- 2 off Present
  - uniform
  - Service weapon
  - badge
- Poked car — what color? Was Pace involved?

- Asked Pete to call ofcer.
- he did so
- Voicemail
- Then D you men spoke
- at that time say not helping w
VS!
- comp. claim VS
- report of some sexual from VS
  by ? " "
- Told D you tongue was Stephs
③ - D said they were there who boarded boy
- confronted Stephanie to see if Jevan spoke
- Stephanie said none of that Should or spoken
- You told D that you were trying James
- Stopping to VS
- Over VS said nature of injury you can
   coming back
- D Sara he wanted to be honest
- D said Steph & Jewell exchanging
- he did not participate
- Thing could have + sent you help up