**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:24-cv-00453-NCC |
| | ) | |
| JERMAINE C. PATE, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Jermaine C. Pate's motion for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion. Additionally, for the reasons discussed below, the Court will dismiss Pate's Verified Petition of Notice of Removal, 28 U.S.C. § 1455.

Pate has titled his twelve-page, unsigned, handwritten filing as "Defendant's Verified Petition of Notice of Removal 28 U.S.C. § 1455." By such petition, he seeks to remove his closed state court criminal case, *Missouri v. Pate*, 13SL-CR01396-01 (St. Louis County Court), to this Court. Because Pate has not met the procedural requirements of 28 U.S.C. § 1455, his petition will be denied.

Jermaine Cortez Pate was found guilty after a trial of robbery in the first degree and armed criminal action. *State v. Pate*, No. 13SL-CR001396-01 (St. Louis County Court). He was sentenced on July 2, 2014 to two concurrent thirteen-year terms of imprisonment in the Missouri Department of Corrections. The conviction and sentences were affirmed on appeal. *See State v. Pate*, No. 101709 (Mo. Ct. App. 2015). Pate filed a federal habeas corpus action in this Court on

February 8, 2019. *Pate v. Sachse*, No. 4:19-CV-207 RLW (E.D.Mo). The action was denied and dismissed on March 20, 2020. *Id.*

Now Pate seeks to remove that closed criminal action to this Court under 28 U.S.C. § 1455. Because he has not met the express procedural requirements of the statute, his petition will be denied.

Section 1455 states, in relevant part:

**§ 1455. Procedure for removal of criminal prosecutions**

. . .

**(b)**    **Requirements.—(1)** A notice of removal of a criminal prosecution shall be filed not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant or defendants leave to file the notice at a later time.

. . .

Pate's underlying state court criminal case, which he seeks to remove, has been tried by a jury, Pate has been found guilty and sentenced, the conviction and sentence has been upheld on appeal, and all his habeas petitions have been denied. Because he does not meet the procedural requirements of § 1455(b), this petition will be denied and his case dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that Pate's motion to proceed in forma pauperis is **GRANTED**. [ECF No. 3]

**IT IS FURTHER ORDERED** that Pate's Verified Petition of Notice of Removal 28 U.S.C. § 1455 is **DENIED** and this action is **DISMISSED**.

An Order of Dismissal will accompany this Opinion, Memorandum and Order.

Dated this  24th  day of  July, 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE